Pearson J.
The decree has a contradiction upon its. face. It declares that the plaintiff, “ by his purchase and *55 sheriff’s deed, has a valid legal title,” and then orders the defendants Belcher and wife “to execute a deed conveying the land to the plaintiff in fee simple.” If the plaintiff has the title, upon what ground can he come into a Court of Equity and ask for that which he already has ? So his prayer for a conveyance is inconsistent with the allegations in the bill. Suppose it to ’be true that the deed from Bel-cher to Pitt is fraudulent and void as to creditors; and that the judgment and other proceedings, under which the plaintiff purchased and obtained the sheriff’s deed, are all regular ; then, according to the plaintiff’s own allegations, he has the title, and the Court cannot give him that for which he asks, because he has it already. A purchaser of a trust estate, under the act of 1812, which gives him the legal as well as the trust estate, might just as well apply to a Court o'f Equity for a conveyance from the trustee : or a bargainee, with a deed enrolled, according to 21 Henry YIII, might as well come into this Court, and pray to have a conveyance from the bargainor. These statutes, proprio vigore, pass the title, and supersede all necessity for applying to Equity.
Upon the second argument, Mr. Biggs conceded this point, •and he also very properly abandoned the alternative prayer that the defendant Rebecca might be declared a trustee for the plaintiff, o’f any balance of the value of the land, “ if it shall be found that the defendant Pitt and the said Rebecca .are entitled to any interest therein,” for then it is a mixed trust, not liable to be sold at execution sale, under the act of 1812, and so the plaintiff would take nothing. Page v. Goodman, 8 Ired. Eq. 16; Gowan v. Rich, 1 Ired. Eq. 553. The case is thus narrowed down to this question : A debtor makes a conveyance of land, with intent to defeat his creditors ; they proceed to have the land sold, treating the conveyance as void, under 13 Elizabeth; the plaintiff .becomes the purchaser, and takes the sheriff's deed — has he *56 a right to have- the fraudulent deed cancelled, upon the ground of removing a cloud from bis title ?
This is a new question, and we thought it proper to have the benefit of a second argument, Mr, Biggs has applied himself to the subject with his accustomed diligence, during the last six months, but he has failed to satisfy us that there is such an equity in favor of his client. Upon the argument of general principles, it was elear that the matter was too heavy for him to carry, and too weals to carry him: and, taking the entire range of the- English Reports, and all of the United States, his diligence has only enabled him to •find a single ca \e in which a Court of Equity has ever entertained such a bill. That case will be noticed below. We will here, however, make this general remark: Considering the infinite number of sales that have been made by sheriffs, and how very desirable it would be, in all cases, for purchasers at such sales to have “ the cloud” removed from their title, the fact that but a single ease can be found in which the aid of a Court of Equity has been invoked for that purpose proves, almost conclusively, of itself, that there is no such jurisdiction.
We will premise also, that, in this case, the purchaser happened to be one of the creditors at whose instance the land was sold. That circumstance does not vary the question. The relation of creditor terminated by the sale, which satisfied the debt so far as this property is concerned, and he now sues in his character of purchaser, and of course the questions are the same as if any other person had become the purchaser.
Although a remedy at law is given to creditors by 18th Elizabeth, Equity still has jurisdiction to protect them against the fraud of debtors. .Story, at page 370 of his Equity Jurisprudence, says: “these cases of interposition in favor of creditors being founded upon the provisions of positive statutes, the question was made at an early day whether *57 £hey were exclusively cognizable at law ? or could be carried into effect also at equity ?” The jurisdiction of Courts of Equity is now firmly established, for it extends to fraud, whether provided against by statute or not. Indeed, the remedial justice of a Court of Equity, in many eases arising under the statutes, is the only effectual one which can' be administered; as that of Courts of Law must often fail from the want of adequate powers to reach or redress the mischief. Fontblanque, at page 276, vol. 1, says: “Although regularly, for cases within the statute, relief must be had at law, yet if goods are given to defeat creditors, in such a case, as the gift is not avoidable by the statute, the party may be relieved here ; for this Court determined concerning charities and frauds, long before any statute made concerning the same.”
In cases not within the operation of the statute, a resort to Equity is the creditor’s only remedy : for instance, if a debtor buys property, with an intent to defraud his creditor, and has the title made to a third person, the s tatute does not apply; for to make the deed void, would put the title back in the original vendor, and relief must be had in Equity. Gowan v. Rich, 1 Ired. Rep. 553.
In cases within the operation of the statute, Equity exercises a concurrent jurisdiction on two grounds: 1st. Before the statute, Equity relieved creditors by putting out of their way fraudulent conveyances of debtors. The necessity of resorting to Equity, in all cases, was found to be inconvenient and expensive, and the object of the statute was to give creditors the same remedy, by enabling them to avoid such conveyances by a direct proceeding at law. After some hesitation, it was settled that the remedy given by the statute was cumulative, and did not oust the jurisdiction before exercised by Courts of Equity; it being a rule not to decline jurisdiction because a statute provides a like remedy at law, unless it be expressly taken away.
*58 2d. The remedy provided by the statute declared the conveyance void: still, the question of fraud or no fraud remaining open at the time of the sale, the property, in conse-sequence thereof, was not apt to bring its full value; so the jurisdiction in Equity might still be beneficially exerted, for by it, a creditor who had a judgment and execution, so as to have a lien, could obtain a decree declaring the fraud, and putting the deed out of the way, and thus the property could be brought fairly into the market, and bring its value — - whereby the creditor would be entirely relieved from the effects of the fraud which the debtor had attempted to practice upon him. Creditors, therefore, have an election either to proceed under the statute and have the property sold under execution and applied to the satisfaction of their debts, or to ask for the relief which is given in Equity.
Our inquiry is: suppose the creditor elects to proceed under the statute, and has the property sold and applied to the satisfaction of his debt, is there any ground upon which the purchaser can apply to a Court of Equity to have the fraudulent deed cancelled ?
Admit the allegation of fraud, and the effect of the aji-plication is to bring into equity a dry question of law. As to the regularity of the judgment and levy, and other proceedings under which the plaintiff jiurchased, the points presented are often very interesting, 'but obuously of such a nature as are fit to be decided by a Court of Law.
The question is, upon what peculiar ground can a pur-ehasor at sheriff’s .sale force upoD a Court of Equity the decision of a pure legal question ? Neither of the grounds upon which a coircurrent jurisdiction is assumed in favor of creditors, has any application to the case of a purchaser at sheriff’s sale. There is no intimation in the books, that such a jurisdiction was exercised before the statute. Clearly, there is no necessity for it, in order to make the property sell for ,a fair price, for the sale has already been consum *59 mated, and the purchaser mil hold the property whether it sold for little or much: so the equity cannot he put upon the ground of making the debtor’s property go as far as it can in paying his debts. The rule must be general in its application : Suppose a creditor, by reason of a fraudulent deed, and the sale being forbid, buys for $10, property worth $10,000: has he the same footing in a Court of Equity as if he had, in the first place, filed a bill in behalf of himself and the other creditors, in order to have the cloud removed whereby $10,000 instead of $10 would have been raised for the payment of the debts ? If so, will any creditor hereafter apply until the property has been bought by him for little or nothing ? Equality is equity, and this Court seeks to encourage any mode by which the property of a debtor is rateably distributed among his creditors, and will leave to his remedy at law one, who disregards that rule.
What ground can be suggested in support of such a jurisdiction ? It is said, fraud is involved, and in all matters of fraud, Equity has concurrent, and in some, exclusive jurisdiction. Without stopping to inquire into the correctness of this proposition, so broadly expressed, it is sufficient to say no fraud was practiced upon the purchaser. A fraud was aimed at the creditor ; he avoided it by means of a statute ; and not until it is so avoided, does the purchaser appear upon the scene of action: Indeed he acquires his title, upon the assumption, that the conveyance of the debtor had been nullified by the proceeding of the creditor. It is a strange idea for the purchaser to stop short in a proceeding which had been thus far at law, and turn around and come into a Court of Equity upon the ground that a fraud had been attempted to be practiced upon another person; and the idea becomes absurd when we consider that he comes into Equity and asks to have that done, which a statute has already done.
Again; It is said that a purchaser at sheriff’s sale represents both the debtor and creditor, and has the rights of *60 both. This is a general proposition, which is sometimes nsed for the purpose of illustration, but is calculated to mislead when adopted as the ground from which to deduce a position of law. The debtor has no right; for, as against him, tho deed, although fraudulent, is valid.
The right of the creditor is exhausted by his proceeding under the statute, and having the property applied to the satisfaction of his debt; so the purchaser must derive his right from a sale made by the sheriff, in pursuance of a statute which declares the fraudulent deed void as to creditors, and authorizes them to have the property • sold.
Again, it'is said, that although the deed is void, yet its existence “casts a cloud” on the title of the purchaser, and he has an equity to have it removed. It ca,nnót fail to occur to every one, that this complaint about the “cloud,” comes with an ill grace from the purchaser. The effect of it is to injure the creditor, by causing the property to sell at an under value. The matter is however disposed of so far as he is concerned. He has sold the property and received the price, and is therewith content. What right has 1 he purchaser to complain ? He bought the property with the cloud on it. It may be, that in consequence thereof, he was able to get it at an under value. Having thus taken the benefit of the cloud, or, at all events, having taken upon himself the risk, what equity has he to have the cloud removed ? A high sense of morality would induce him to accompany his prayer, with an offer to pay the real value of the property to the creditors, because they were the persons injured by the cloud, and consequently ought to be the persons benefitted by its removal. But a Court of Equity does not attempt to enforce this refined morality, because it reaches too far for practical purposes. Apart, however, from this consideration, the case of a purchaser at sheriff’s sale does not come within tho application of the principle, by which a Court of Equity, in particular cases, decrees a *61 deed to be cancelled for the purpose, (as it sometimes fancifully expressed,) of removing a cloud from the title. With regard to deeds wbicb are void at law, but which are voidable in equity, because unduly obtained, we are at present not concerned. The application of the doctrine of cancellation to deeds, which may be avoided at law, is very limited. If he is not -in a situation to sue a Court of Equity, he contents itself, by perpetuating the evidence, to be used af-terwards at law, if occasion should make it necessary. To induce it to go further, and to grant relief, by having the deed cancelled, as a general rule, two things must concur, the person asking relief must be the party directly injured by the deed, and the title apart from the deed must be admittedly .in him, and not liable to dispute. This rule is a deduction from a consideration of the cases, and the reason of the thing. So that the case will be confined solely to matters bearing upon the deed complained of. For, if his title must be passed on, the ease will present a dry question of law. And without these restrictions, all questions of legal title would be drawn into Courts of Equity. For the sake of illustration: A alleges that B, by fraud, deduce, or some other illegal means, has obtained a deed from him; which, although void, and of no legal effect, is calculated to cast doubt upon his title. Mere both requisites concur: he is the party injured; his title apart from the deed is admitted, and he may ask the interference of a Court of Equity to have the deed cancelled, and the “ cloud removed:” jurisdiction being assumed upon the ground, that the ends of justice are not met by a judgment in ejectment, owing to its want of conclusiveness, or by perpetuating the testimony, and the party is entitled to be relieved entirely from the effect of the deed so obtained, and to ie ■placed in statu quo, which can only be done by putting ,the deed out of existence; for, although in no danger from its direct effect, he is injured consequentially, by the doubt cast upon his title.
*62 So, as we have seen above, a creditor, wbo bas obtained a judgment and execution, finding that tbe property of bis debtor, wbicli is subject to execution, has been fraudulently conveyed, is not obliged to proceed under 13 Elizabeth, but may ask the interference of a Court of Equity, to have the fraud declared and the deed cancelled, so that the property may be sold for its value. Here both requisites concur: the creditor is the party injured, and, apart from this deed, his judgment and execution, without question, entitle him to have the property of his debtor sold, for the satisfaction of the debt. The Court uniformly refuse to entertain a bill, unless the creditor has a judgment, and has issued execution. For debt, or no debt, is a- question of law, and the Courts will not try it, unless where, it arises in some case where it has jurisdiction under a well established head of equity, as in a creditor’s bill for an account.
In regard to a subsequent purchaser of land for value, under 27th of Elizabeth, there maybe some doubt as to the application of the doctrine of cancellation. If his contract is executory, he clearly has relief, by a bill, for a sjjeeific performance. Buckle v. Mitchell, 18 Ves. 100; Adams on Equity, 146. But, if he has obtained a conveyance, his title is valid at law, and he cannot ask for.the title, because he already has it by force of the Statute, and if he asks to have the fraudulent deed cancelled, the difficulty is, that in respect to the two requisites, he occupies a middle ground. The fraud was aimed at him, but his title is liable to dispute, and it must be passed on before the Court can deal with the fraudulent deed. This presents a dry question of law, and interposes an obstacle to the exercise of the jurisdiction. But, however this may be, in regard to a purchaser at sheriff’s sale, it is clear that the doctrine does not apply. His case has neither of the requisites. The fraud was not aimed at him. His title is liable to dispute, and must be passed on. So the Court cannot take jurisdiction, *63 ■without undertaking, in the first instance, to adjudicate a question of legal title: sometimes a very difficult one, as in a sale upon a constable’s levy; and this assumption would virtually supersede the action of ejectment, as a mode of trying title; for, carried out to its consequences, it leads to this: any one in possession, whether he has been let in, or has recovered in ejectment, may file a bill, alleging that he has the title, but that another protends to have it, which pretension casts a doubt on his, and ask the Court to decide which of the two has'the better title; and in case his proves to be so, that the deed of the other may be cancelled: putting his right to the relief, on the ground that the judgment in ejectment, not being conclusive, leaves a cloud upon his title. This is precisely the case of a purchaser at sheriff’s sale. He alleges that he has acquired a title, but that the donee of the debtor pretends to have it, and asks the Court to decide between them, upon the ground that the action of ejectment is not an effectual and adequate remedy. This is a novel attempt to extend the jurisdiction of equity, and have it to try and dispose of a pure, legal question.
The action of ejectment has been heretofore considered the appropriate mode of trying a title. The fact of the judgment not being conclusive has its advantages, for it is frequently desirable to have such questions tried a second, and even a third time, and the disadvantage is not often felt practically; for, in that action, the plaintiff must recover on the strength of his own title, and the party in possession need show no title until his adversary has shown a title in himself, good against the world, so far as it then appears to the Court; and when it is felt, the party has his remedy by “ a bill of peace ” — “ a jurisdiction growing out of a defect in the action of ejectment, because, from its peculiar nature, it is not conclusive : thus originating a necessity for the interference of a Court of Equity, to put a stop to litigation which is useleás, and *64 purely vexatious Adams’ Eq. 202 ; Mit. 143. Rut this intention to harrass must be made manifest by frequent actions. This is as far as Courts of Equity have ever gone, and in so doing, they do not profess to try the title, but declare that the title, having been established by repeated decisions at law, further litigation is vexatious. A Court of Equity never decides a question of legal title, except when it arises incidentally, and stands in the way of the decision of a cause in which it has jurisdiction, upon some other distinct ground, as in a bill for a specific performance by the vendor, if the véndee objects to the title. If the purchaser at sheriff’s sale is let into possession, he may have the evidence perpetuated, or in a proper case, he may have a bill of peace ; but the doctrine of cancellation cannot be let in so as to sustain his case. So much on principle and gen-ral reasoning.
By way of authority, Mr. Biggs referred to Henderson v. Hoke, 1 Dev. and Bat. Equity Rep. 119. That was a bill by a purchaser at sheriff’s sale, for the purpose of having a deed re-executed, to the end, that it might be registered, and the equity is put upon the ground, that by the fraudulent destruction of the deed before registration, the plaintiff could not in an action at law make out his chain of title. So Ayres v. Wright, 8 Ired. Eq. 230. A man had obtained credit by showing a deed from his mother-in-law to him, and by making a deed of trust upon the property: after the sale, the good lady got back her deed, and refused to allow it to be registered. Of course a Court of Equity would protect the purchaser from such a palpable fraud aimed at him. These cases do not bear upon the point, but Frakes v. Brown, Black. Rep. 295, is a case directly in point. It is evident the attention of the learned Judges was not directed to the question. They, as well as the gentlemen of the bar, seem to have taken the question of jurisdiction for granted. And upon consideration of the *65 ease, and looking into the cases decided at the same term1, it is clear they hold that a purchaser at a sheriff’s sale has a remedy by action of ejectment; and it occurred to us that, possibly, the application to Equity, in that Gase, grew nut of .the fact that there might have been some doubt as to whether the widow, before alimony decreed, was a creditor -under 13 Elizabeth. The conveyance being made after a fiat in the cause restraining the. ¡husband from making a ■conveyance, suggested the resort to equity. Let this -be as , it may, we certainly do not feel authorized, upon the-strength ■of ái single case, to open a new head of Equity jurispru-•denee, for which there seems to' be no necessity: in support of which there is no consideration of equity : and •against which there is a strong public policy: Because it is .always best to hold out inducements to creditors to have the title declared before the sale, so as to let the property •sell for a fair price, and pay off the -debts as far as it will reach.
Per .Curiam. Bill .dismissed with costs.